IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

SARA VILLAMAR,

    Plaintiff,

v.                                    CASE NO.: 1:22-cv-23181-KMW

Lexington INSURANCE COMPANY,

    Defendant.

_____/

**DEFENDANT'S § 627.70152(5) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, INCORPORATED MOTION FOR JUDICIAL NOTICE, MOTION FOR FEES, AND MOTION TO STRIKE IMPROPER PRAYER FOR STATUTORY FEES**

COMES NOW the Defendant, Lexington Insurance Company ("Lexington" or "Defendant"), by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 12(b)(6), hereby moves this Court to dismiss the Complaint filed by Plaintiff, SARA VILLAMAR ("Plaintiff"), without prejudice, as required by Fla. Stat. § 627.70152(5) because Plaintiff's claim is undergoing appraisal. In support thereof, Lexington states as follows:

    1.    This lawsuit arises from a claim for insurance proceeds for alleged damages to certain real property located at 3485 N. Meridian Avenue Miami Beach, Florida 33140 ("Property") from a windstorm reported to have occurred on April 11, 2021 ("date of loss").

    2.    Plaintiff alleges Lexington breached the insurance contract by because it "failed to indemnify" Plaintiff for the loss by paying $12,858.50. *See Exhibit A*.

    3.    Lexington demanded appraisal of Plaintiff's insurance claim pre-suit.

    4.    As Lexington argues below, Plaintiff's breach of contract action is premature and in direct contravention of explicit Florida statutory law because appraisal is ongoing.

    5.    Lexington contends Fla. Stat. § 627.70152(5) mandates dismissal of Plaintiff's Complaint until the appraisal process has concluded or the allotted time period expires.

**FACTS**

6. Plaintiff alleges "all conditions precedent to the filing of this lawsuit have occurred, have been waived or have been performed." *See Exhibit A* at ¶5.

7. However, Plaintiff does not allege she complied with the requirements of Fla. Stat. § 627.70152, and, indeed, Plaintiff did not comply with the requirements of Fla. Stat. § 627.70152 by filing suit prior to the expiration of the 90-day period afforded by the statute for the completion of the appraisal process.

8. On July 20, 2022 Plaintiff's attorney, Carlos Santi, Esq. of Property & Casualty Law Group, furnished Lexington with a Notice of Intent to Litigate filed with the Florida Department of Financial Services. *See Exhibit B*, *Notice of Intent to Litigate.*

9. On August 3, 2022, in compliance with Fla. Stat. § 627.70152(4), Lexington timely furnished its response to Plaintiff's Notice of Intent to Litigate, noting the statutory deficiencies therein and requesting the parties participate in appraisal. *See Exhibit C, Lexington's August 3, 2022 Response to Plaintiff's July 20, 2022 Notice of Intent to Litigate.*

10. On August 5, 2022, the office of Plaintiff's Counsel responded to Lexington's appraisal demand via e-mail by naming their appraiser, Santos Leal. *See Exhibit D, Email from office of Plaintiff's Counsel to Lexington naming appraiser.*

11. Plaintiff filed the instant action on August 11, 2022, prior to the expiration of the 90-day period to complete the appraisal process prescribed by the statute. *See Exhibit A.*

12. At the time of the filing of this Motion to Dismiss, the appraisal process has not concluded.

13. As such, Lexington moves this Court to dismiss Plaintiff's Complaint as premature and requests that this Court award Lexington attorneys' fees pursuant to Fla. Stat. § 627.70152.

8582376.1

## **MEMORANDUM OF LAW**

14. Section 627.70152(3) of the Florida Statutes provides as follows:

**Notice. –**

**(a)** As a condition precedent to filing a suit under a property insurance policy, a claimant must provide the department with written notice of intent to initiate litigation on a form provided by the department. Such notice must be given at least 10 business days before filing suit under the policy, but may not be given before the insurer has made a determination of coverage under s. 627.70131. Notice to the insurer must be provided by the department to the e- mail address designated by the insurer under s. 624.422.

15. Defendant hereby requests this Court take judicial notice of the Notice of Intent to Initiate Litigation bearing Filing No. **45797**, which was filed with the Florida Department of Financial Services against Lexington Insurance Company on July 20, 2022 by Plaintiff's attorney, Carlos Santi, Esq. of Property & Casualty Law Group. *See Exhibit B*, Notice of Intent to Litigate.

16. This Court may lawfully take notice of these records because they are "not subject to reasonable dispute" and the Court is "capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned." Fed. R. Evid. 201(b); *see also Universal Express, Inc. v. U.S. SEC*, 177 F. App'x. 52, 53 (11th Cir. 2006) (per curiam) (citations omitted). The Florida Department of Financial Services, a subdivision of the office of Florida's Chief Financial Officer, maintains these public records and their accuracy may be readily determined by visiting https://piitil.myfloridacfo.gov/SearchNotice and searching the records using Plaintiff's name, the claim number in the Complaint, and the filing number provided above.

17. Pursuant to Fla. Stat. §627.70152(4), an insurer must respond to a Notice of Intent to Litigate within 10 days with a settlement offer or requiring the claimant to participate in appraisal or another method of alternative dispute resolution:

(4) INSURER DUTIES.—An insurer…must respond in writing within 10 business days after receiving the notice specified in subsection (3).

***

(b)   If an insurer is responding to a notice provided to the insurer alleging an act or omission by the insurer other than a denial of coverage, <u>the insurer must respond by</u> making a settlement offer <u>or requiring the claimant to participate in appraisal or another method of alternative dispute resolution. The time limits provided in s. 95.11 are tolled as long as appraisal or other alternative dispute resolution is ongoing</u> if such time limits expire during the appraisal process or dispute resolution process. <u>If the appraisal or alternative dispute resolution has not been concluded within 90 days</u> after the expiration of the 10-day notice of intent to initiate litigation specified in subsection (3), <u>the claimant or claimant's attorney may immediately file suit without providing the insurer additional notice</u>.

18.   Consistent with binding law in the Eleventh Circuit Court of Appeals, this Court may also consider Lexington's response to Plaintiff's Notice of Intent on a motion to dismiss because the response is central to Plaintiff's claim alleging she complied with all conditions precedent to filing suit. *See Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (citing *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002)). Specifically, the *Day* and *Horsley* Courts opined how "[T]he court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed. In this context, 'undisputed' means the authenticity of the document is not challenged." *Id.* Absent a claim Lexington's response attached hereto is not authentic, its contents may be properly considered on a motion to dismiss.[1]

19.   Here, Lexington's response to Plaintiff's Notice of Intent to Litigate and the subsequent pre-suit communications between Plaintiff and Lexington are central to the Complaint because the Complaint alleges Plaintiff's compliance with all conditions precedent prior to

---

[1] Further precedent supports Lexington's argument that the response to Plaintiff's NOI may be properly considered on a Motion to Dismiss. "[A] document need not be physically attached to a pleading to be incorporated by reference into it; if the document's contents are alleged in a complaint and no party questions those contents, [the court] may consider such a document provided it meets the centrality requirement imposed in *Horsley*." *Id*; *see also Maxcess, Inc. v. Lucent Techs., Inc*., 433 F.3d 1337, 1340 (11th Cir. 2005) (citing *Horsley*) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") *See also* Fla. Stat. § 627.70152(5) (requiring dismissal of claimant's suit when action is commenced prior to expiration of 90-day alternative resolution period).

Plaintiff's filing of this lawsuit. *See Exhibit A* at ¶5. However, the pre-suit communications demonstrate that Plaintiff did not comply with all conditions precedent to filing suit because Plaintiff begun to participate in the appraisal process and then filed suit in violation of Florida law.

20. Lexington's response and the pre-suit communications between the parties document Plaintiff's participation in the appraisal process, triggering the provision in Fla. Stat. § 627.70152(4)(b) and affording the parties "90 days after the expiration of the 10-day notice of intent to initiate litigation" to complete appraisal before Plaintiff may file suit. In other words, Plaintiff was prohibited by Fla. Stat. § 627.70152(4)(b) from filing suit until either 1) November 1, 2022, or 2) once the appraisal process concluded, whichever came first. Instead, Plaintiff filed suit on August 11, 2022. *See Exhibit A*.

21. Fla. Stat. § 627.70152(5) requires a court to dismiss a suit filed within the 90 days allocated by Fla. Stat. § 627.70152(4) when an insurer responds to the claimant by requesting the claimant participate in appraisal or another method of alternative dispute resolution:

> (5) DISMISSAL OF SUIT.—<u>A court must dismiss without prejudice any claimant's suit</u> relating to a claim for which a notice of intent to initiate litigation was not given as required by this section or <u>if such suit is commenced before the expiration of any time period provided under subsection (4), as applicable.</u>

22. Before Plaintiff is permitted to proceed with any action against Lexington, she must first fully comply with Fla. Stat. § 627.70152 and allege full compliance with said statute in any subsequent proceedings. *See Art Deco 1924 v. Scottsdale Ins. Co.*, No. 21-62212-CIV-MORE, 2022 U.S. Dist. LEXIS 41999, at *4 (S.D. Fla. Mar. 9, 2022) (holding Fla. Stat. § 627.70152 is a procedural law which applies retroactively as it "concerns the means and methods to apply and enforce . . . duties and rights" rather than a substantive law that "prescribes duties and rights.") (*quoting Alamo Rent-A Car, Inc. v. Mancusi*, 632 So. 2d 1352, 1358 (Fla. 1994). Under Florida

8582376.1

law, such a statute is subject to strict construction. *Aetna Cas. & Sur. Co. v. Buck*, 594 So. 2d 280, 281 (Fla. 1992).

## CONCLUSION

23. Lacking compliance with the alternative dispute resolution provisions of Fla. Stat. § 627.70152 by filing this lawsuit prior to the completion of the appraisal process, Plaintiff's suit is premature, and must be dismissed without prejudice. Lacking an allegation by Plaintiff of compliance with the alternative dispute resolution provisions set forth at § 627.70152 of the Florida Statutes, Plaintiff's suit must be dismissed for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Moreover, Plaintiff filed the instant action on August 11, 2022, prior to the expiration of the 90-day period to complete the appraisal process prescribed by the statute. *See Exhibit A*. Appraisal has not been completed at this time.

24. In the case of *Ludwig v. Family Sec. Ins. Co., Inc*., Case No. 56 2021 CA 001381 (Fla. 19th Cir., St. Lucie Co., Oct. 15, 2021), the Court dismissed plaintiffs' suit for failure to comply with section 627.70152 of the Florida Statutes, writing, in part, as follows:

> The Plaintiff's argument that § 627.70152(3) Fla. Stat. (2021), cannot apply to an insurance policy issued prior to July 1, 2021 is misplaced. Unlike § 627.7152 Fla. Stat. (2019), which changes the requirements of an assignment agreement, which, if retroactively applied, would nullify any previous assignment agreements that did not comply, § 627.70152(3) Fla. Stat. (2021) does not alter prior agreements, it simply adds a condition precedent to filing of a lawsuit.

*See Composite Exhibit E*, *Ludwig* Order.

25. Similarly, in the case of *Smigiel v. Family Sec. Ins. Co., Inc.*, Case No. 50- 2021-CA-9409 (Fla. 15th Cir., Palm Beach Co., Oct. 12, 2021), the Court dismissed plaintiffs' suit for failure to comply with section 627.70152 of the Florida Statutes, writing, in part, as follows:

> The lawsuit was filed after July 1, 2021, the effective date of § 627.70152, Fla. Stat., which mandates that Plaintiffs provide the Department of Financial Services

> with a Notice of Intent to Initiate Litigation at least 10 business days prior to filing suit against Defendant.
>
> Plaintiffs failed to provide the statutorily required Notice of Intent to Initiate Litigation, and Plaintiffs failed to plead compliance with this statutory requirement.
>
> \*\*\*
>
> In the instant case, Plaintiffs have been unable to identify any substantive right that has been infringed upon by the Notice of Intent to Initiate Litigation required by § 627.70152, Fla. Stat.
>
> \*\*\*
>
> Therefore, based upon a plain reading of § 627.70152, Fla. Stat., and the controlling case law, Plaintiffs' Amended Complaint is hereby Dismissed without Prejudice because the Notice requirement of § 627.70152, Fla. Stat. was not met.

*See Composite Exhibit E*, *Smigiel* Order.

26. The Court in *Gibson v. State Farm Florida Ins. Co.,* Case No. 2021-CC-002547 (Fla. 18th Cir., Seminole Co., Oct. 8, 2021) granted the defendant's motion to dismiss plaintiff's Amended Complaint, without prejudice, for "failure to comply with Fla. Stat. § 627.70152(3)(a)."

*See Composite Exhibit E*, *Gibson Order*.

27. The Court in *Cimbalnik v. American Integrity Ins. Co. of Florida,* Case No. 2021-CA-426 (Fla. 5th Cir., Sumter Co., Oct. 6, 2021), granted the insurer's motion to dismiss Amended Complaint, writing, in part, as follows:

> In the Motion to Dismiss, Defendant asserts Plaintiff's Amended Complaint failed to assert she complied with section 627.70152, Florida Statutes….
>
> \*\*\*
>
> The Court notes Plaintiffs filed this case after the effective date of § 627.70152 on July 1, 2021 requiring written notice of intent to initiate litigation to the Department of Financial Services. As noted by Defendant, Plaintiff's Amended Complaint & Demand for Jury Trial did not include a statement that she complied with section 627.70152, Florida Statutes.
>
> \*\*\*
>
> Defendant's Motion to Dismiss is GRANTED.

*See Composite Exhibit E*, *Cimbalnik Order.*

28. The Court in *Sweeney v. Security First Ins. Co.,* Case No. 21-CC-0993 (5th Cir., Marion Co., Sept. 30, 2021), dismissed plaintiff's Amended Complaint, without prejudice, "for

failure to comply with the pre-suit requirements imposed by Section 627.70152(5), of the Florida Statutes," and "to allow Plaintiff the opportunity to comply with the requirements of Section 627.70152(3), of the Florida Statutes. *See Composite Exhibit E*, *Sweeney Order*.

29. Plaintiff's suit against Lexington must be dismissed without prejudice, pursuant to § 627.70152(4) and (5) of the Florida Statutes (2021), and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff's compliance with the pre-suit requirements of § 627.70152 remains impossible while this suit remains pending, meaning any action on Plaintiff's behalf will not suffice to defeat the within Motion to Dismiss. "[T]he right of a plaintiff to recover must be measured by the facts as they existed when the suit was instituted." *Progressive Exp. Ins. v. McGrath Community Chiropractic,* 913 So. 2d 1281, 1285 (Fla. 2d DCA 2005).

## LEXINGTON'S MOTION FOR ATTORNEYS' FEES

30. In tandem with its Motion to Dismiss, Lexington further moves this Court to award it reasonable attorney fees pursuant to Fla. Stat. § 627.70152(8)(b), which states:

> In a suit arising under a residential or commercial property insurance policy not brought by an assignee, <u>if a court dismisses a claimant's suit pursuant to subsection (5), the court may not award to the claimant any incurred attorney fees for services rendered before the dismissal of the suit</u>. <u>When a claimant's suit is dismissed pursuant to subsection (5), the court may award to the insurer reasonable attorney fees and costs associated with securing the dismissal</u>.

31. Lexington's argument by way of its Motion for Attorneys' Fees is twofold.

32. First, in accordance with Fla. Stat. § 627.70152(8)(b), Lexington respectfully moves this Court to award reasonable attorneys' fees and costs associated with securing the dismissal of this action (e.g., Lexington respectfully submits to this Honorable Court dismissal is proper at this juncture of the litigation).

33. Second, upon dismissal of Plaintiff's Complaint, Lexington additionally requests this Court deny Plaintiff any award of attorneys' fees incurred for services rendered before the

8582376.1

dismissal of the suit pursuant to Fla. Stat.§ 627.70152(8)(b) (i.e., the court may not award to the claimant any incurred attorney fees for services rendered before the dismissal of the suit).

## CONCLUSION

Due to the foregoing legal deficiencies in Plaintiff's cause of action, Lexington respectfully requests this Honorable Court dismiss the Complaint in its entirety for all the reasons stated herein, with Plaintiff taking nothing by way of her Complaint.

**WHEREFORE**, Lexington Insurance Company respectfully request this Honorable Court:

a. **GRANT** its Motion to Dismiss for Plaintiff's premature filing of this suit during the pre-suit appraisal process as prohibited by Fla. Stat. § 627.70152;

b. **GRANT** its Motion to Dismiss for Plaintiff's failure to strictly comply with conditions precedent for bringing a civil action against insurer in accordance with §627.07152;

c. **GRANT** Lexington's Motion for reasonable attorneys' fees and costs and award Lexington the reasonable attorneys' fees associated with securing the dismissal of this action pursuant to Fla. Stat. § 627.70152(8)(b);

d. **GRANT** Lexington's Motion for reasonable attorneys' fees and costs and, in turn, **DENY** Plaintiff any award of attorneys' fees incurred for services rendered before the dismissal of the suit pursuant to Fla. Stat. § 627.70152(8)(b), and;

e. **GRANT** any other relief this Honorable Court deems just and proper.

Respectfully submitted,

**CLAUSEN MILLER P.C.**

By:     */s/ Erick Rodriguez*
       IRENE THALER, ESQ., FBN: 88288
       ERICK RODRIGUEZ, ESQ., FBN: 1022247
       4830 West Kennedy Blvd., Suite 600
       Tampa, Florida 33609
       Phone: (813) 519-1027

8582376.1

ithaler@clausen.com  
erodriguez@clausen.com  
rgomez@clausen.com  
ylyles@clausen.com  
*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed with the Clerk of the Court via CM/ECF on this 6th day of October, 2022.  I also certify that the foregoing document is being served this day on all counsel of record:

Carlos Santi, Esq.
Property & Casualty Law Group
csanti@pclawgroup.com

8582376.1