UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

SARA VILLAMAR,

      Plaintiff,                                     CASE NO.: 1:22-cv-23181-KMW

v.

LEXINGTON INSURANCE COMPANY,

      Defendant.

_____/

## DEFENDANT'S REMOVAL STATUS REPORT

The Defendant, LEXINGTON INSURANCE COMPANY (the "Defendant" or "Lexington"), by and through undersigned counsel, and hereby files its Removal Status Report as required by this Court's Order entered on October 6, 2022 [Doc. 3], and in accordance therewith the Defendant states as follows:

**(1)** **A plain statement of the nature of the claim and any counterclaim, cross-claim or third-party claim made in state or federal court, including the amount of damages claimed and any other relief sought.**

This breach of contract action stems from a property insurance claim under Policy Number 23247975-02 (the "Policy"). The subject claim is related to the insured property located at 3485 N. Meridian Avenue, Miami Beach, FL 33140 (the "Property"), which is owned by the Plaintiff, and was insured by the Policy. The Policy at issue was in effect from August 14, 2020 through August 14, 2021. Claim number 683-677980 stems from a windstorm claim for damages to the Property, in which Plaintiffs initially provided a date of loss of October 19, 2020 and reported the loss on November 23, 2021.  During the investigation of the claim, the Plaintiff requested that the date of loss be changed to April 11, 2021 due to a "clerical mistake" committed by the staff of the

Insured's Public Adjuster.

Lexington timely acknowledged receipt of the late reported claim and adjusted the loss in accordance with the Policy and Florida law.  Lexington investigated the loss and found that coverage would not be afforded to the roof of the subject Property pursuant to the terms and conditions of the Policy as the damages were not the result of a storm related event but were related to age related deterioration, wear and tear, foot traffic, thermal expansion/contraction of the roof tiles, and deferred repairs. Lexington provided coverage for the interior damages in the amount of $12,858.50.

Pursuant to the Civil Cover Sheet filed by Plaintiff in the state court action, the estimated amount of the claim is over $100,000.00. Additionally, Plaintiff presented an estimate of damages prepared by Santos Public Adjusters identifying the total amount of damages as $149,771.32. Plaintiff claims Defendant breached the Policy by failing to provide necessary reimbursement for a covered loss in accordance with the insurance contract issued by the Defendant. There are no other claims at issue in this litigation.

**(b)      A plain statement of the grounds for removal and a listing of all parties to the action, including parties to any third-party claim.**

The parties are Plaintiff, SARA VILLAMAR, and Defendant, LEXINGTON INSURANCE COMPANY. This action has been removed in accordance with 28 U.S.C. §§1322, 1441, and 1446, in that all parties are of diverse citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Plaintiff is a citizen of the State of Florida, residing at 3485 N. Meridian Avenue, Miami Beach, FL 33140. Defendant is not a citizen of Florida. Defendant is a Delaware corporation and maintains its principal place of business in Massachusetts. The amount in controversy exceeds $75,000 based on the estimate prepared by

8620576.1

Santos Public Adjusters on Plaintiff's behalf totaling $149,771.32 and Plaintiff's Civil Cover Sheet filing in the state court action, indicating that the estimated amount of the claim is over $100,000.00. *See* Notice of Removal [Doc. 1] ¶ 13.

**(c)     A list of all pending motions.**

There are no motions pending.

**(d)     A brief statement by each Defendant explaining whether or not each has joined the notice of removal.**

Lexington Insurance Company is the only defendant in this matter and filed the notice of removal.  Therefore, all Defendants have joined the Notice of Removal.

**(e)     A statement regarding whether Defendant has removed the action within 30 days after the receipt by the Defendant of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.**

This removal has been timely filed within one (1) year after commencement of the action and within thirty (30) days after Defendant received service of Plaintiff's Summons and Complaint. Defendant was served with Plaintiff's Summons and Complaint on or about September 1, 2022. Defendant timely filed its Notice of Removal on September 30, 2022. *See* Notice of Removal [Doc. 1], ¶¶ 1, 2, and 5.

**(f)     Copies of all records and proceedings in the state court proceedings by aforementioned date.**

A complete copy of all of the records and proceedings in the state court was previously filed on September 30, 2022 [Doc. 1-4].

Dated this 14th day of October, 2022.

Respectfully submitted,

8620576.1

**CLAUSEN MILLER P.C.**

By:     */s/ Irene Thaler*
          IRENE THALER, ESQ., FBN: 88288
          4830 West Kennedy Blvd., Suite 600
          Tampa, Florida 33609
          Phone: (813) 519-1027
          ithaler@clausen.com
          rgomez@clausen.com
          ylyles@clausen.com
          *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed with the

Clerk of the Court via CM/ECF on this 14th day of October, 2022.  I also certify that the foregoing

document is being served this day on all counsel of record:

Carlos Santi, Esq.
Property & Casualty Law Group
csanti@pclawgroup.com

**CLAUSEN MILLER P.C.**

By:     */s/ Irene Thaler*
          IRENE THALER, ESQ.,
          FBN: 88288

8620576.1